993 F.2d 1547
 144 L.R.R.M. (BNA) 2744
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
SPARLING PLASTIC INDUSTRIES, INC., Respondent.
 No. 93-5426.
 United States Court of Appeals, Sixth Circuit.
 May 6, 1993.
 
 Before JONES and BATCHELDER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Sparling Plastic Industries, Inc., Plymouth, Michigan, its officers, agents, successors, and assigns, enforcing its order dated December 17, 1992, in Case No. 7-CA-33493, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondent, Sparling Plastic Industries, Inc., Plymouth, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Unilaterally failing to remit to Local 157, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFL-CIO authorized dues and fees deducted from the pay of unit employees.
 
 
 4
 (b) Unilaterally failing to make contributions required by the collective-bargaining agreement for life, sickness, and accident and health insurance for unit employees.
 
 
 5
 (c) Unilaterally failing and refusing to make payment contributions for workers compensation insurance for unit employees.
 
 
 6
 (d) Unilaterally failing to pay contractual wages owed to unit employees.
 
 
 7
 (e) Refusing to bargain with the Union as the exclusive bargaining representative of the employees in the bargaining unit.
 
 
 8
 (f) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 9
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 10
 (a) Remit to the Union all authorized union dues and fees deducted from the pay of unit employees, retroactive to January 17, 1992, with interest, in the manner set forth in the remedy section of the Board's decision.
 
 
 11
 (b) Make the required contributions on behalf of unit employees for life, sickness, accident and health insurance, and workers compensation insurance, retroactive to January 17, 1992, in the manner set forth in the remedy section of the Board's decision.
 
 
 12
 (c) Make the employees whole for any losses resulting from the Respondent's failure to make contractually required contributions, in the manner set forth in the remedy section of the Board's decision.
 
 
 13
 (d) Pay contractually required wages to unit employees who were not paid such, with interest, in the manner set forth in the remedy section of the Board's decision.
 
 
 14
 (e) Rescind the unilateral changes and abide by the wages, hours, and other terms and conditions of employment which were in effect before the Respondent engaged in the unlawful conduct.
 
 
 15
 (f) On request, bargain with the Union as the exclusive representative of the employees in the following appropriate unit on terms and conditions of employment:
 
 
 16
 All full-time and regular part-time production and maintenance employees employed by the Respondent at its Plymouth facility; but excluding office employees, timekeepers and supervisors as defined in the Act.
 
 
 17
 (g) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amounts due under the terms of this Judgment.
 
 
 18
 (h) Post at its facility in Plymouth, Michigan, and mail to unit employees, the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 19
 (i) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 20
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 21
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 22
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 23
 WE WILL NOT unilaterally fail to remit to Local 157, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFL-CIO authorized dues and fees deducted from the pay of unit employees.
 
 
 24
 WE WILL NOT unilaterally fail to make contributions required by the collective-bargaining agreement for life, sickness, and accident and health insurance for unit employees.
 
 
 25
 WE WILL NOT unilaterally fail and refuse to make payment contributions for workers compensation insurance for unit employees.
 
 
 26
 WE WILL NOT unilaterally fail to pay contractual wages owed to unit employees.
 
 
 27
 WE WILL NOT refuse to bargain with the Union as the exclusive bargaining representative of the employees in the bargaining unit.
 
 
 28
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 29
 WE WILL remit to the Union all authorized union dues and fees deducted from the pay of unit employees, retroactive to January 17, 1992, with interest.
 
 
 30
 WE WILL make the required contributions on behalf of unit employees for life, sickness, accident and health insurance, and workers compensation insurance, retroactive to January 17, 1992.
 
 
 31
 WE WILL make the employees whole for any losses resulting from our failure to make contractually required contributions.
 
 
 32
 WE WILL pay contractually required wages to unit employees who were not paid such, with interest.
 
 
 33
 WE WILL rescind the unilateral changes and abide by the wages, hours, and other terms and conditions of employment which were previously in effect.
 
 
 34
 WE WILL, on request, bargain with the Union as the exclusive representative of the employees in the following appropriate unit on terms and conditions of employment:
 
 
 35
 All full-time and regular part-time production and maintenance employees employed by us at our Plymouth facility; but excluding office employees, timekeepers and supervisors as defined in the Act.
 
 
 36
 SPARLING PLASTIC INDUSTRIES, INC.
 
 
 37
 /s/ (Employer)
 
 Dated __________
 By __________ (Representative) (Title)
 
 38
 This is an official notice and must not be defaced by anyone.
 
 
 39
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.